IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES MARTIN,

    Plaintiff,

v.                                                                  No. 1:16-cv-01232-JDB-egb

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
_____

On August 25, 2016, the *pro se* Plaintiff, Charles Martin, initiated this action by filing a "Motion for Declaratory Judgment." (Docket Entry ("D.E.") 1.) Martin averred that he had applied for Social Security disability benefits over a period of ten years and received unfavorable determinations. These decisions, he claimed, resulted from discrimination and bias on the part of the Social Security Administration. He also alleged that Administrative Law Judge ("ALJ") William R. Ingram failed to adequately consider the opinions of his physicians and disregarded vocational expert testimony.

In an order entered November 3, 2016, United States Magistrate Judge Edward G. Bryant, in accordance with Administrative Order 2013-05, directed the Clerk of Court to issue summonses to the Commissioner of Social Security (the "Commissioner") and the United States. (D.E. 8.) On March 6, 2017, the Commissioner moved to dismiss the case in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 14.) Plaintiff filed his response to the motion on April 3, 2017, (D.E. 15), making this matter ripe for disposition.

Rule 12(b)(6) permits the district court to enter judgment against a plaintiff for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1323 (2017). The court is to "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Salloum v. Harman Int'l Indus., Inc.*, ___ F. App'x ___, 2018 WL 508580, at *2 (6th Cir. Jan. 23, 2018) (internal quotation marks omitted). Although "*pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed," *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)), the court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference," *Wiggins v. Ocwen Loan Serv., LLC*, ___ F. App'x ___, 2018 WL 459717, at *1 (6th Cir. Jan. 18, 2018) (quoting *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012)). In the instant motion to dismiss, the Commissioner argues that the issues raised in the motion for declaratory judgment have been previously considered and ruled on by this Court and the Sixth Circuit Court of Appeals.

The Commissioner has attached to her motion copies of documents filed in connection with Plaintiff's disability claims.[1] According to these materials, Martin first applied for disability insurance benefits and supplemental security income on September 26, 2006. Following a series

---

[1]The court may properly consider on a Rule 12(b)(6) motion those documents referred to in the plaintiff's complaint and which are central to his claims. *Wiggins*, 2018 WL 459717, at *1 n.1. It may also take into account public records, including those of federal administrative agencies. *Bon-Ing, Inc. v. Hodges*, 700 F. App'x 461, 463 (6th Cir. 2017). In his response to the motion, Martin does not challenge the procedural history of his claims as reflected in the documents relied upon by the Commissioner.

of hearings, appeals, and remands, ALJ Ingram issued his determination denying the claims on September 26, 2013. On October 15, 2014, the Appeals Council denied Plaintiff's request for review, making the September 26, 2013, ruling the final decision of the Commissioner.[2]

In accordance with 42 U.S.C. § 405(g), which provides in pertinent part that "[a]ny individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides . . .," Martin brought an action in the United States District Court for the Western District of Tennessee against the Commissioner on December 1, 2014, appealing the September 26, 2013, determination. *See Martin v. Colvin*, Case No. 2:14-cv-02926-cgc (W.D. Tenn.). In an order entered December 8, 2015, United States Magistrate Judge Charmiane G. Claxton affirmed the determination of the Commissioner. Her ruling was appealed to the Sixth Circuit Court of Appeals, which affirmed her decision in an opinion issued August 5, 2016.

Based on this history, the Commissioner contends that any attempt to revisit claims asserted in the previous action is barred by *res judicata.* The Court agrees. *Res judicata*, which applies to Social Security claimants, "is a common-law concept which prescribes that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d

---

[2]According to the Commissioner, Martin filed a subsequent application for disability benefits and supplemental security income in late 2014, which was denied in May 2015. A hearing before the ALJ was scheduled for April 2017, eight months after the initiation of this action. It is the Defendant's position that, to the extent any allegations in this case concern the subsequent request for benefits, Plaintiff has not exhausted his administrative remedies. However, there are no allegations in the motion for declaratory judgment relative to the 2014 application. Moreover, Martin stated in his response to the motion to dismiss that the new claims were completely separate from those at issue here. As it does not appear that Plaintiff intended to include those claims in this lawsuit, the Court need not address the Commissioner's exhaustion argument.

837, 840-41 (6th Cir. 1997) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, [the doctrine protects] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). The doctrine applies where:

> (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of the causes of action between the first and second actions.

*Hood v. United States*, No. 17-1060, 2017 WL 5256873, at *2 (6th Cir. Oct. 17, 2017) (citing *Sanders v. Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). All of the elements are present here with respect to those claims before ALJ Ingram or which could have been litigated in that proceeding. Thus, they are barred by *res judicata*.

Indeed, the Plaintiff insists in his response to the dispositive motion that this action is not an attempt to relitigate prior claims but to complain of the "unfair and illegal treatment he received from this due process" due to "corruption," "discriminat[ion]," and "bias" within the Social Security Administration, which violated his rights under 42 U.S.C. §§ 1985 and 1986. (D.E. 15 at PageID 105-06.)

Section 1985 prohibits certain conspiracies, including those to deny a citizen's rights. Although the Plaintiff does not cite to a particular subsection of the statute, the Court assumes his claim is brought pursuant to § 1985(3), which provides in pertinent part that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

4

privileges and immunities under the laws," the injured party "may have an action for the recovery of damages occasioned by such injury or deprivation." 42 U.S.C. § 1985(3).

The prohibition outlined in subsection (3) "was enacted as a significant part of the civil rights legislation passed in the aftermath of the Civil War." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865 (2017). To state a claim, a plaintiff "must prove a conspiracy to deprive a person or class of persons of the equal protection of the laws, and an act in furtherance of the conspiracy which causes the constitutional deprivation." *Ohio ex rel. Moore v. Brahma Inv. Group, Inc.*, ___ F. App'x ___, 2018 WL 501393, at *3 (6th Cir. Jan. 22, 2018). The plaintiff "must allege that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)) (internal quotation marks omitted).

First, Martin has failed to allege a conspiracy involving two or more persons. Second, he has neither alleged any race- or class-based animus nor so much as identified any race or class to which he might belong. Accordingly, even considering the leeway to which *pro se* litigants are to be afforded, Plaintiff has fallen short of stating a claim under § 1985 that is plausible on its face. *See Bynum v. Berryhill*, Case No. 5:16-cv-00014-RLV-DSC, 2017 WL 3669555, at *8 (W.D.N.C. Aug. 24, 2017) (*pro se* complaint could not survive Rule 12(b)(6) motion as to § 1985 claim where plaintiff sued only the Commissioner and, therefore, failed to allege a conspiracy, and made no allegations of race- or class-based discrimination). The Plaintiff's § 1985 claim is DISMISSED.

His § 1986 claim must also fail. The statute imposes liability upon a person "having knowledge that any of the wrongs conspired to be done [in § 1985]" and "having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C.

§ 1986. "Dismissal of a § 1986 claim is proper if a plaintiff fails to state a cause of action under § 1985." *Thurmond v. Cy. of Wayne*, 447 F. App'x 643, 650 (6th Cir. 2011).

For the reasons set forth herein, the motion to dismiss is GRANTED.

IT IS SO ORDERED this 13th day of February 2018.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE